670 F.2d 1345
 Michael G. GALLAHAN, Appellee,
v.
Cpl. B. B. HOLLYFIELD; Officer J. W. Townley, and John S.
Gathright, Warden, Staunton Correctional Center;
Virginia Department of Corrections, Appellants.
Eastern Band of Cherokee Indians, Amicus Curiae.
 No. 81-6658.
 United States Court of Appeals,
Fourth Circuit.
 Argued Jan. 5, 1982.
Decided Feb. 9, 1982.
 
 Eric K. G. Fiske, Asst. Atty. Gen., Richmond, Va. (Marshall Coleman, Atty. Gen. of Va., Richmond, Va., on brief), for appellants.
 Michael D. Brittin, Washington, D.C. (Peter S. Everett, Paul E. Mirengoff, Hunton & Williams, Washington, D.C., on brief), for appellee.
 Ben Oshel Bridgers, Holt, Haire & Bridgers, P. A., Sylva, N.C., on brief, for amicus curiae.
 Before INGRAHAM,* Senior Circuit Judge, and HALL and SPROUSE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Gallahan is a half-blooded Cherokee Indian and a devout member of a Cherokee religious order.[1] The tenets of his religion require that he not cut his hair because hair is regarded as a sense organ, a manifestation of being, and a symbol of growth.
 
 
 2
 He is also a prisoner in the Virginia correctional system.[2] A Virginia Prison regulation requires that prisoners' hair be cut so that it does not extend below the top of the collar.[3] Accordingly, when Gallahan was placed in prison, he was compelled to have his hair cut.
 
 
 3
 Gallahan filed two actions pursuant to 42 U.S.C. § 1983, charging violations of his civil rights.[4] The district court, 516 F.Supp. 1004, ruled that the regulation infringed upon Gallahan's freedom of worship and enjoined the defendant prison authorities from cutting his hair. The defendants appeal. We agree with the district court that the regulation is unconstitutional as applied in this case and therefore we affirm.
 
 
 4
 Prison regulations which affect a prisoner's right to worship must be "reasonably and substantially justified by considerations of prison discipline and order" and further must be "in a form substantially warranted by the requirements of prison safety and order." Sweet v. South Carolina Department of Corrections, 529 F.2d 854, 863 (4th Cir. 1975).
 
 
 5
 The prison authorities justify the haircut regulation on the following grounds: (1) Inmates with long hair can use it to shroud their features and prevent quick identification; (2) long hair provides a hiding place for contraband; and (3) it is unsanitary. However, we find these asserted reasons to be either overly broad or lacking in substance. See Teterud v. Burns, 522 F.2d 357, 361 (8th Cir. 1975).
 
 
 6
 Even if the justifications were legitimate, they are not warranted in this case because less restrictive alternatives are available. The district court enjoined the appellants only from cutting Gallahan's hair. However, they could make him wear it pulled back from his face in a ponytail to prevent him from using it as a mask. Furthermore, they are not enjoined from searching his hair for contraband or requiring him to keep it neat and clean.[5]
 
 
 7
 Under these circumstances, the regulation unconstitutionally restricts Gallahan's right to freely exercise his sincere religious beliefs. Accordingly, the district court's order is affirmed.
 
 
 8
 AFFIRMED.
 
 
 
 *
 Honorable Joe M. Ingraham, Senior United States Circuit Judge for the Fifth Circuit Court of Appeals, sitting by designation
 
 
 [1]
 He is a member of the Eastern Sect of Cherokee Indians
 
 
 [2]
 He has been incarcerated at the Powhatan Reception and Classification Center in State Farm, Virginia, and at the Staunton Correctional Center in Staunton, Virginia
 
 
 [3]
 Virginia Prison Guideline No. 864 reads in pertinent part:
 § III(3)(b) "Hair length may extend over the ears, but will not extend below the top of the collar."
 
 
 [4]
 The two suits were consolidated by the district court
 
 
 [5]
 The Guideline also states:
 § III(3)(1) "Hair (must be) clean and neatly groomed."